**LIJUAN YANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–71399.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 24, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kevin G. Long, Monterey Park, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Don G. Scroggin, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Lijuan Yang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' decision that adopted and affirmed the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, see *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we dismiss in part and deny in part.

■ We lack jurisdiction to review the IJ's determination that Yang's asylum application was untimely because it was based on disputed facts. *See Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007). Accordingly, we dismiss the petition as to Yang's asylum claim.

Yang's contention that the one-year bar is unconstitutional as applied to her because she arrived in the United States prior to its implementation and she was never advised of the change in the law, fails. *See Antonio–Martinez v. INS,* 317 F.3d 1089, 1093 (9th Cir.2003) (applying the general rule that "ignorance of the law is no excuse" to the immigration context).

■ In regard to withholding of removal, substantial evidence supports the IJ's adverse credibility determination because Yang was unable to explain how the police harassed her husband. *See Singh–Kaur v.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*INS,* 183 F.3d 1147, 1153 (9th Cir.1999) (approving IJ's finding that an applicant's testimony was suspicious given its lack of specificity). In addition, Yang gave conflicting statements regarding her motivation for overstaying her visa. *See Li,* 378 F.3d at 962. Accordingly, we deny the petition as to Yang's withholding of removal claim.

■ Because Yang's CAT claim is based on the same testimony that the IJ and BIA found not credible, and because she points to no other evidence that the IJ and BIA should have considered in determining CAT relief, substantial evidence supports the denial of CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir. 2003).

**DISMISSED in part and DENIED in part.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.